*FOR PUBLICATION*

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| CAROL A. BRANKER, | ) |
| | ) D.C. Civ. APP. NO. 2004/0165 |
| Appellant, | ) Re: Sup.Ct.Civ.No. 334/1999 |
| | ) |
| v. | ) |
| | ) |
| SUN-SELF STORAGE, INC., | ) |
| | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: September 18, 2009
Filed: April___, 2010

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, U.S. District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the U.S. District Court of the Virgin Islands; and **BRENDA J. HOLLAR**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Jaqueline Warner-Mills, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellant,

**Bruce P. Bennett, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellee.

Per Curiam.

### Memorandum Opinion

In this case we are called upon to determine whether the

Superior Court erred in granting summary judgment to the Appellee in this action for breach of contract, conversion, trespass, intentional infliction of emotional distress and punitive damages.

**I. FACTUAL AND PROCEDURAL HISTORY**

The undisputed facts viewed in the light most favorable to the Appellant are as follows. Sun Self Storage, Inc. ("Storage") operates a self storage facility in Barren Spot, St. Croix. Storage maintains various sized units that it rents for the purpose of placing items in storage. Prior to renting a unit, potential Storage clients execute a standard contract ("storage agreement" or "agreement").

The agreement is apportioned into sixteen enumerated provisions entitled, "general conditions". (App. 39a.) The client is identified in the agreement as the "undersigned" or "user". Storage is identified as "Operator". Condition Number Two provides that "user shall pay the monthly fee set forth above in advance of each month it occupies the space." (*Id.*) In relevant part, Condition Number Four provides that, "[i]t is further understood that, if the fee or other charges are not received within 60 days of the due date, the undersigned authorizes the Operator to enter the leased space and sell or dispose of the contents stored therein." ("Condition Four")(*Id.*)

The agreement is two-sided. The back of the agreement contains the general conditions. The front of the agreement reserves a space for the user's personal information, the agreed upon rent and security deposit, an acknowledgment that the user has read and understood the general conditions and a signature line. Upon executing the agreement, the user typically pays the first month's fee and a security deposit. Users are then granted access, designated a unit and may place their own lock on their assigned unit.

On January 12, 1997, Appellant, Carol Branker ("Branker") executed a storage agreement. She made an initial payment to Storage of $210.00 to rent unit number J-31. $105.00 represented the first month's fee. $105.00 represented the security deposit. Thereafter, Branker placed several personal items in J-31. Branker, however, did not pay Storage for over four months following January 12, 1997. As a result, on June 28, 1997, Storage inspected J-31 and disposed of its contents at the local landfill. Branker returned to Storage on July 7, 1997, to pay her arrearage. Upon checking her rental space, she discovered that her unit was empty.

On June 1, 1999, Branker filed a civil action for damages, breach of contract, conversion, trespass, intentional infliction of emotional distress and punitive damages. Depositions followed,

where Branker conceded that she signed the agreement, but only became aware of Condition Four after she returned to Storage in July of 1997.

Storage moved for summary judgment. Branker countered that her possession of the self storage unit was governed by landlord-tenant law. The Superior Court disagreed. On November 19, 2004, the trial court granted Storage's motion for summary judgment on Branker's breach of contract action and dismissed the matter with prejudice. This timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005).[1]

The requirement of finality, also known as the final judgment rule, means that "'a party must ordinarily raise all claims of error in a single appeal following final judgment on

---

[1] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. CODE ANN. tit. 1).

the merits.'"[2]  *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-30 (1985)(quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)(citations omitted)).

B. **Standard of Review**

This Court exercises plenary review over the Superior Court's summary judgment order. *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. App. Div. 2003).[3] When reviewing an order granting summary judgment, this Court is required to view the facts in the light most favorable to the opposing party, and in effect, perform the same test the Superior Court would

---

[2] The final judgment rule promotes efficient judicial administration and emphasizes the deference appellate courts owe to trial court decisions on the many questions of law and fact that arise before judgment. 472 U.S. at 430  Another purpose of the rule is to "avoid the delay that inherently accompanies time-consuming interlocutory appeals." *Id.* at 434.

[3] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. 2003). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Id.* The evidence and inferences drawn therefrom must be viewed in the light most favorable to the nonmovant. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

have performed. *See Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32, 43 V.I. 361 (3d Cir. 2001). While a party seeking summary judgment bears the initial burden to establish the absence of a genuine issue of material fact in dispute, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)(citations omitted), that burden then shifts to the nonmoving party to establish a genuine issue of material fact to avoid summary judgment. FED. R. CIV. P. 56 advisory committee notes (1963 amendment); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)(citations omitted); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 366 (3d Cir. 1990). The moving party can ultimately prevail only if it shows that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *Id.* A fact is material if it affects the outcome of the suit under governing law. *Ferris v. V.I. Industrial Gases Inc.*, 23 V.I. 183 (D.V.I. 1987). A dispute is genuine if the evidence is such that a jury could return a verdict for the nonmoving party. *Id.*

In conducting our review, we must consider questions of law, jurisdiction or interpretation of statute de novo. *See Gov't of the V.I. v. Albert*, 89 F. Supp. 2d 658, 663 (D.V.I. App. Div. 2001); *Max's Safood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). However, we afford the more deferential clear error review to factual determinations. *Id.*

### III. ANALYSIS

#### A.  Finality

Branker's complaint sought damages for conversion, trespass and intentional infliction of emotional distress. However, the Superior Court's order dismissing the matter only addressed Branker's breach of contract claim, and thus, did not satisfy the final judgment rule.

The Supreme Court has explained that "the final judgment rule serves several salutary purposes":

> Permitting piecemeal appeals would undermine the independence of the [trial] judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. The rule also serves the important purpose of promoting efficient judicial administration.

*Cunningham v. Hamilton County*, 527 U.S. 198, 203-04 (1999) (quoting Firestone Tire & Rubber Co., 449 U.S. at 374). Consistent with these principles, the Supreme Court has held that a decision is not final unless it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233

(1945)); *Bd. of Dirs. v. Fairfield Resorts, Inc.*, 2009 U.S. Dist. LEXIS 64105 (D.V.I. App. Div. July 24, 2009).

## IV. CONCLUSION

The Superior Court order ruled upon only one of Branker's four (4) claims and, thus, issued only a partial summary judgment. [Although the trial court may have facilitated closure by addressing all of Branker's claims, it failed to reach three (3) out of four (4) of the causes raised prior to dismissing the matter with prejudice.][4] In light of the prohibition against piecemeal appeals and in absence of a statement from a Superior Court judge pursuant to V.I. Rules of Appellate Procedure 6(a) granting permission for an interlocutory appeal, we **REMAND** for the Superior Court to consider and enter judgment on Branker's remaining claims.

---

[4] Storage's memorandum in support of its summary judgment motion challenges all of Branker's claims. (*See* App. 12-26.)